UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VIRGINIA ANNISE WOOLEY, | ) | CASE NO. 5:05 CV 2130 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES MARSHAL SERVICE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On September 7, 2005, plaintiff pro se Virginia Annise Wooley filed this action against the United States Marshal Service. In the complaint, plaintiff alleges her jewelry was lost while she was in the custody of the defendant. She seeks $ 1,800.00 in damages.

**Background**

Ms. Wooley claims she was arrested in Akron, Ohio and taken to the Summit County Jail on July 2, 2002. Upon her arrival, a deputy took her jewelry and placed it in a bag for placement with the rest of her personal property. Before she could be processed into the jail, United States Marshals arrived and took her in their custody. The bag containing her jewelry was handed to one of the Deputy Marshals. Ms. Wooley claims that was the last time she saw her jewelry. She sent letters to various officials but had not been successful in locating the bag. At one point, she was told her jewelry had been sent by Federal Express to her sister. Her sister claimed she never received the package. Ms. Wooley contends that although she and family members repeatedly

requested a tracking number for the Federal Express package, they were not provided with this information. She seeks compensation for the value of the jewelry.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Ms. Wooley does not specifically state which legal claim she is attempting to assert. She has attached a copy of an administrative tort claim she submitted to "Irwin, Federal Building, N. Main St. Akron, Ohio" on August 21, 2005. The Court therefore liberally construes this action as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.

The FTCA provides the exclusive jurisdictional basis for tort claims against the United States. However, before a party may bring such an action, the claim must first be submitted to the proper federal agency within two years after such claim accrues or within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

agency to which it was presented. 28 U.S.C. § 2401(b). The administrative prerequisites of § 2675 are met if the claimant (1) gives the agency written notice of her claim that is sufficient to enable the agency to investigate and (2) places a value on her claim. Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981).

Assuming that Ms. Wooley's mailing of an administrative claim to "Irwin, Federal Building" is considered an adequate submission to the proper federal agency, the claim was presented on August 21, 2005, more than three years after the loss occurred. The FTCA requires the claim to be submitted within two years after the claim accrues. Moreover, she presented the claim on August 21, 2005 and filed this action on September 7, 2005. Ms. Wooley did not permit the federal agency time to respond to the claim. Consequently, even if the claim were adequately and timely presented to the appropriate federal agency, it would still be dismissed for failure to fully exhaust administrative remedies.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Date: December 2, 2005          s/John R. Adams
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3